_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

**NOV 21 2023**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

Judge Richard A. Jones

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

BINANCE HOLDINGS LIMITED, d/b/a
BINANCE.COM,

Defendant.

NO. 23-178RAJ

**PLEA AGREEMENT**

Pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), the United States of America, by and through the Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section ("MLARS"); the Department of Justice, National Security Division, Counterintelligence and Export Control Section ("CES"); and the United States Attorney's Office for the Western District of Washington ("the USAO-WDWA") (collectively the "Offices"), and the Defendant, BINANCE HOLDINGS LIMITED ("BINANCE," the "Defendant" or the "Company"), by and through its undersigned counsel, and through its authorized representative, pursuant to authority granted by Defendant's Controlling Shareholder(s), hereby submit and enter into this plea

Plea Agreement - 1
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agreement (the "Agreement"). The terms and conditions of this Agreement are as follows.

1.      **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information. Defendant further agrees to persist in that plea through sentencing and, as set forth below, to cooperate fully with the Offices in their investigation into the conduct described in this Agreement and Attachment A to this Agreement ("Statement of Facts"), as further set forth in Paragraphs 7 and 25.

2.      **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Information:

      a.      Conspiracy to conduct an unlicensed money transmitting business ("MTB"), in violation of Title 18, United States Code, Sections 1960(a), 1960(b)(1)(B), and to fail to maintain an effective anti-money laundering ("AML") program, in violation of Title 31, United States Code, Sections 5318(h), 5322, as charged in Count 1, in violation of Title 18, United States Code, Section 371;

      b.      Conducting an unlicensed MTB, as charged in Count 2, in violation of Title 18, United States Code, Sections 1960(a), 1960(b)(1)(B), and 2; and

      c.      Violation of the International Emergency Economic Powers Act ("IEEPA"), as charged in Count 3, in violation of Title 50, United States Code, Section 1705, and Title 31, Code of Federal Regulations, Part 560 *et seq.*

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant, through its representative, will be placed under oath. Any statement given by Defendant under oath may be used by the Offices in a prosecution for perjury or false statement.

Plea Agreement - 2
*United States v. Binance Holdings, Limited,* CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3.     **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

a.     The elements of conspiracy to conduct an unlicensed MTB and to fail to maintain an effective AML program, as charged in Count 1, are as follows:

i.     First, there was an agreement between two or more persons to commit the crimes of conducting an unlicensed MTB and failing to maintain an effective AML program;

ii.     Second, Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

iii.     Third, at least one member of the conspiracy performed an overt act for the purpose of carrying out the conspiracy.

The elements of conducting an unlicensed MTB, which was an object of the conspiracy, are set forth in (b), below.

The elements of failure to maintain an effective AML program, which was an object of the conspiracy, are:

i.     First, Defendant, a covered financial institution, to wit, a money services business, failed to develop, implement, and maintain an effective AML program; and

ii.     Second, Defendant acted willfully.

b.     The elements of conducting an unlicensed MTB, as charged in Count 2, are as follows:

i.     First, Defendant conducted, managed, supervised, directed or owned all or part of an MTB;

ii.     Second, the business was unlicensed, that is, it failed to comply with the MTB registration requirements under Title 31, United States Code Section 5330 and the regulations prescribed thereunder; and

iii.     Third, Defendant acted knowingly.

Plea Agreement - 3
*United States v. Binance Holdings, Limited,* CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        c.      The elements of a violation of IEEPA, as charged in Count 3, are as

2   follows:

3                i.      First, Defendant caused a violation of any license, order,

4   regulation, or prohibition issued pursuant to IEEPA;

5                ii.     Second, Defendant acted willfully; and

6                iii.    Third, Defendant did not have a license issued by the

7   Department of the Treasury, Office of Foreign Assets Control ("OFAC"), to engage in

8   the charged conduct.

9   4.      **The Penalties.** Defendant understands that the statutory penalties applicable to the

10  offenses to which Defendant is pleading guilty are as follows:

11               a.      For the offense of conspiracy to conduct an unlicensed MTB and to

12  fail to maintain an effective AML program, as charged in Count 1: a fine of up to

13  $500,000, or twice the gross gain or loss resulting from the unlawful conduct, whichever

14  is greater, pursuant to Title 18, United States Code, Section 3571(d); a period of

15  probation of up to five (5) years; and a mandatory special assessment of $400;

16               b.      For the offense of conducting an unlicensed MTB, as charged in

17  Count 2: a fine of up to $500,000, or twice the gross gain or loss resulting from the

18  unlawful conduct, whichever is greater, pursuant to Title 18, United States Code, Section

19  3571(d); a period of probation of up to five (5) years; and a mandatory special assessment

20  of $400; and

21               c.      For the offense of willfully violating IEEPA, as charged in Count 3:

22  a fine of up to $1,000,000, or twice the gross gain or loss resulting from the unlawful

23  conduct, whichever is greater, pursuant to Title 18, United States Code, Section 3571(d);

24  a period of probation of up to five (5) years; and a mandatory special assessment of $400.

25               Defendant agrees that all special assessments are to be paid at or before the time of

26  sentencing.

27

Plea Agreement - 4
*United States v. Binance Holdings, Limited*, CR23-178RAJ

1    Defendant further understands and agrees that the consequences of pleading guilty

2    includes the forfeiture of certain property, either as a part of the sentence imposed by the

3    Court, or as a result of civil judicial or administrative process, as agreed to below.

4    Defendant agrees that any monetary penalty the Court imposes, including the fine,

5    costs, or restitution, is due and payable as agreed to below.

6    5.    **Rights Waived by Pleading Guilty.** Defendant is satisfied that Defendant's

7    attorneys have rendered effective assistance. Defendant understands that by pleading

8    guilty, Defendant knowingly and voluntarily waives the following rights:

9    a.    The right to plead not guilty and to persist in a plea of not guilty;

10    b.    The right to a speedy and public trial before a jury of Defendant's

11    peers;

12    c.    The right to the effective assistance of counsel at trial, including, if

13    Defendant could not afford an attorney, the right to have the Court appoint one for

14    Defendant;

15    d.    The right to be presumed innocent until guilt has been established

16    beyond a reasonable doubt at trial;

17    e.    The right to confront and cross-examine witnesses against Defendant

18    at trial;

19    f.    The right to compel or subpoena witnesses to appear on Defendant's

20    behalf at trial;

21    g.    The right to testify or to remain silent at trial, at which trial such

22    silence could not be used against Defendant; and

23    h.    The right to appeal a finding of guilt or any pretrial rulings.

24    6.    **Corporate Authorization.** Defendant agrees that it has the full legal right, power,

25    and authority to enter into and perform all of the obligations under this Agreement.

26    Defendant further agrees that this Agreement will be executed by a corporate

27    representative authorized to enter into this agreement and to plead guilty on behalf of

Plea Agreement - 5
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant. The authorized person shall hold a position of significant responsibility within

2  the corporation and have sufficient authority to bind the corporation in all matters. On or

3  before the date of entry and filing of this Agreement, Defendant shall provide the U.S.

4  Attorney's Office and the Court with a signed written statement, attached hereto as

5  Attachment B, evidencing the fact that Defendant is authorized to enter into and comply

6  with all the provisions of this Agreement; that a representative of Defendant has been

7  authorized to enter a guilty plea and attend the sentencing hearing on behalf of

8  Defendant; and that Defendant and its authorized representative have observed all

9  required corporate formalities for such authorizations. On or before the date of entry and

10  filing of this Agreement, Defendant shall also provide a supplemental authorization to the

11  Offices, signed by the ultimate beneficial owner, that provides assurances that such

12  assignees, parent corporations, subsidiaries, affiliates involved in the operation of the

13  Binance.com exchange, successors-in-interest, and transferees of Defendant are bound by

14  this Agreement.

15  7.      **Term of Defendant's Obligations Under the Agreement.** Except as otherwise

16  provided in Paragraph 25 in connection with Defendant's cooperation obligations,

17  Defendant's obligations under the Agreement shall last and be effective for a period

18  beginning on the date on which the Plea is accepted by the Court and ending three years

19  from the date on which the independent compliance monitor (the "Monitor") identified in

20  Attachment D is selected (the "Term"). Defendant agrees, however, that in the event the

21  Offices determine, in their sole discretion, that Defendant has knowingly violated any

22  provision of this Agreement or failed to completely perform or fulfill each of Defendant's

23  obligations under this Agreement, the Offices, in their sole discretion, may impose an

24  extension or extensions of the Term for up to a total additional time period of one year,

25  without prejudice to the Offices' right to proceed as provided in Paragraphs 35 through

26  37. Any extension of the Term extends all terms of this Agreement, including any

27

Plea Agreement - 6
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  compliance, Monitor, or reporting requirements described in Attachments C and D, for an

2  equivalent period.

3  8.      **Considerations.** The Offices enter into this Agreement based on the individual

4  facts and circumstances presented by this case, including:

5          a.      The nature, seriousness, and pervasiveness of the offense conduct, as

6  described in the Statement of Facts, including that at least as early as August 2017 and

7  continuing until at least October 2022, Defendant operated as an MTB and a money

8  services business that did business wholly or in substantial part in the United States,

9  served a substantial number of U.S. customers, and processed billions of dollars' worth of

10  cryptocurrency transactions for U.S. persons, most of which were on-platform trades.

11  Defendant prioritized growth and profit over compliance with U.S. law. During the

12  relevant period, Defendant disregarded U.S. law and failed to register with the

13  Department of the Treasury, Financial Crimes Enforcement Network ("FinCEN"), failed

14  to implement an effective AML program pursuant to the Bank Secrecy Act ("BSA"), and

15  caused U.S. users to engage in transactions with users in sanctioned jurisdictions in

16  violation of U.S. sanctions;

17          b.      Defendant did not receive voluntary disclosure credit pursuant to the

18  United States Sentencing Guidelines ("U.S.S.G.") because it did not voluntarily and

19  timely disclose to the Offices the conduct described in the Statement of Facts;

20          c.      Defendant received partial credit for cooperation under U.S.S.G.

21  § 8C2.5(g)(2), because, after becoming aware of the Offices' investigation, it provided

22  partial cooperation with the investigation and demonstrated recognition and affirmative

23  acceptance of responsibility for its criminal conduct by, among other things, investigating

24  facts and obtaining information as requested by the Offices, which allowed the Offices to

25  preserve and obtain evidence as part of their own independent investigation; making

26  regular and detailed factual presentations to the Offices; voluntarily producing a

27  significant amount of documents located outside the United States to the Offices in ways

Plea Agreement - 7
*United States v. Binance Holdings, Limited,* CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  that did not implicate foreign data privacy laws; collecting and producing voluminous

2  evidence and information to the Offices; providing detailed analysis of complex, on-

3  platform cryptocurrency transactions;

4       d.     Defendant did not receive full credit for its cooperation because

5  Defendant was delayed in producing relevant evidence, including recordings of meetings

6  in which senior executives discussed U.S. legal requirements related to the conduct set

7  forth in the Statement of Facts;

8       e.     Ultimately, Defendant also provided to the Offices relevant facts

9  known to it, including information about the individuals involved in the conduct

10  described in the Statement of Facts;

11       f.     Defendant engaged in remedial measures, including:

12       i.     Began implementing geofencing measures in late 2019, and

13  continued to improve its controls by using a variety of location-detection tools, including

14  IP address, phone number, and mobile carrier;

15       ii.     Began restricting accounts for a number of known U.S. users

16  prior to notice of the Offices' investigation;

17       iii.     Changed its terms of service to require all new users to

18  submit to full know your customer ("KYC") procedures in August 2021;

19       iv.     Implemented full KYC requirements for all direct account

20  holders by May 2022, including the use of recognized third-party vendors to verify

21  identity and assess customer risk;

22       v.     Began restricting accounts for users subject to U.S. sanctions;

23       vi.     Invested significant financial resources in improvements to

24  Defendant's AML and countering the financing of terrorism ("CFT") programs,

25  including by replacing ineffective compliance staff with experienced employees and

26  significantly increasing compliance head count;

27

Plea Agreement - 8
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

vii.   Implemented enterprise-wide AML/CFT and sanctions risk assessments beginning in November 2022;

viii.   Implemented Financial Action Task Force standards for AML and KYC;

ix.   Improved Defendant's enhanced due diligence ("EDD") program in November 2022 to cover, among other things, politically exposed persons ("PEPs"), high-risk users, applicants for limit increases, unusual corporate structures, and unusual transaction activity;

x.   Improved employee AML/CFT training;

xi.   Increased investment in real-time and post transaction monitoring including by increasing head count, enhancing internal tools, and employing recognized third-party vendors—such as blockchain analytics vendors—to scan user transactions and profiles;

xii.   Updated Defendant's sanctions policy in November 2022, improving customer due diligence ("CDD"), screening, offboarding, account blocking, risk assessments, and sanctions reporting;

xiii.   Accepted the resignation of the Chief Executive Officer, Changpeng Zhao, and prohibited him from any present or future involvement in operating or managing Defendant's business;

xiv.   Developed and implemented a comprehensive framework designed to determine the nationality of enterprise users;

xv.   Initiated an extensive historical review to identify and offboard U.S. enterprise users from the platform; and

xvi.   As part of its resolution of parallel investigations by U.S. regulatory agencies, committed to additional remediation.

g.   Although Defendant had inadequate compliance programs, policies, procedures, and controls, including an ineffective AML and sanctions compliance

Plea Agreement - 9
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

program, as shown above, Defendant has taken significant steps to remediate its AML and sanctions compliance programs and has committed to continuing to enhance those programs, including ensuring that its AML and sanctions compliance program satisfies the minimum elements set forth in Attachment C to this Agreement;

h.      Defendant has agreed to retain a Monitor to oversee implementation of Defendant's compliance remediation and enhancement, as further described in Attachment D to this Agreement;

i.      Defendant has no prior criminal history;

j.      Defendant is entering into parallel resolutions with the Commodities Futures Trading Commission ("CFTC"), FinCEN, and OFAC; and

k.      Defendant has agreed to continue to cooperate with the Offices as described in Paragraph 25 below.

l.      Accordingly, after considering (a) through (k) above, the Offices believe that the appropriate resolution in this case is for Defendant to plead guilty to the counts described in Paragraph 2.

9.      **The Offices' Agreement.** In exchange for the guilty plea of Defendant and the complete fulfillment of all of its obligations under this Agreement, the Offices agree that they will not file additional criminal charges against Defendant, or any of its current or former direct or indirect affiliates and subsidiaries involved in the operation of the Binance.com exchange or with access to the Binance.com orderbook, relating to or arising from the conduct in the Statement of Facts or the Information filed pursuant to this Agreement. This Agreement does not provide any protection against, and the Offices may also use any information related to the conduct described in the Statement of Facts against Defendant in, any prosecution or other proceeding relating to (a) obstruction of justice; (b) perjury or making a false statement; (c) any crime of violence; (d) a violation of any provision set forth in Chapter 113B of Title 18 of the United States Code; or (e) a violation of any provision of Title 26 of the United States Code.

Plea Agreement - 10
*United States v. Binance Holdings, Limited,* CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    This Agreement does not provide any protection against prosecution for any

2  conduct not described in the Statement of Facts or the Information and its charges by

3  Defendant or any of its direct or indirect affiliates, subsidiaries, officers, directors,

4  employees, agents, or consultants, whether or not disclosed by Defendant pursuant to the

5  terms of this Agreement. This Agreement does not provide any protection against

6  prosecution of any individuals, regardless of their affiliation with Defendant. Defendant

7  agrees that nothing in this Agreement is intended to release Defendant from any and all

8  of Defendant's tax liabilities and reporting obligations for any and all income not

9  properly reported and/or legally or illegally obtained or derived.

10  10.   **Defendant's Agreement.** Defendant agrees to abide by all terms and obligations

11  of this Agreement as described herein, including, but not limited to, the following:

12           a.    to plead guilty as set forth in this Agreement;

13           b.    to abide by all sentencing stipulations contained in this Agreement;

14           c.    to appear, through its duly appointed representatives, as ordered for

15  all court appearances, and obey any other ongoing court order in this matter, consistent

16  with all applicable U.S. and foreign laws, procedures, and regulations;

17           d.    to commit no further crimes;

18           e.    to be truthful at all times with the Court;

19           f.    to pay the applicable special assessment;

20           g.    to consent to and to pay the applicable sentence of a fine;

21           h.    to consent to and to pay the applicable forfeiture amount;

22           i.    to cooperate fully with the Offices as described in Paragraph 25;

23           j.    to continue to implement compliance programs as described in

24  Paragraphs 27 and 28 and Attachment C; and

25           k.    to retain a Monitor as set forth in Attachment D.

26  11.   **Statement of Facts.** Defendant is pleading guilty because it is guilty of the

27  charges contained in the Information. Defendant admits, agrees, and stipulates that the

Plea Agreement - 11
*United States v. Binance Holdings, Limited,* CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

factual allegations set forth in the Information and the Statement of Facts are true and correct, that it is responsible for the acts of its officers, directors, employees, and agents described in the Information and Statement of Facts, and that the Information and Statement of Facts accurately reflect Defendant's criminal conduct. Defendant stipulates to the admissibility of the Statement of Facts in any proceeding by the Offices, including any trial, guilty plea, or sentencing proceeding, and will not contradict anything in the attached Statement of Facts at any such proceeding.

12.     **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case, with respect to Count One, Conspiracy, and Count Two, Conducting an Unlicensed MTB: U.S.S.G. § 8C2.4(a)(2) (pecuniary gain of $1,612,031,763 to organization from the offense).

With respect to Count Three, because the Sentencing Guidelines provision applicable to a willful violation of the IEEPA is U.S.S.G. § 2M5.1, which is not one of the enumerated offense Guidelines to which the organizational fine Guidelines apply under U.S.S.G. § 8C2.1, the parties agree that the provisions of 18 U.S.C. §§ 3553 and 3572 control the imposition of an appropriate sentence for Count Three, pursuant to U.S.S.G. § 8C2.10.

13.     **Criminal Fine.** The parties agree, based on the application of the U.S.S.G. and 18 U.S.C. § 3571(d), that the following provisions with respect to sentence of a fine apply to this case:

-     A base fine of $1,612,031,763 pursuant to U.S.S.G. § 8C2.4(a)(2) (the pecuniary gain to Defendant from the offense).

-     Culpability score of seven (7) points based on U.S.S.G. § 8C2.5, calculated as follows:

    o     Base culpability score of five (5) points pursuant to U.S.S.G. § 8C2.5(a).

Plea Agreement - 12
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1         ○   A four-point (4) addition because the organization had more than

2              1,000 employees and an individual within high-level personnel

3              participated in, condoned, or was willfully ignorant of the offense

4              pursuant to U.S.S.G. § 8C2.5(b)(2)(A)(i).

5         ○   A two-point (2) reduction for cooperation and acceptance of

6              responsibility.

7    -   Calculation of fine range pursuant to U.S.S.G. § 8C2.6:

8         ○   Base Fine: $1,612,031,763

9         ○   Multiplier: 1.4 (min) / 2.8 (max)

10         ○   Fine Range: $2,256,844,468 to $4,513,688,936

11   14.    **Agreed Sentence Pursuant to Rule 11(c)(1)(C).** Pursuant to Rule 11(c)(1)(C) of

12 the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the

13 appropriate sentence to be imposed by the Court at the time of sentencing is outlined

14 below. If the sentencing Court rejects the agreement of the parties regarding the

15 appropriate sentence, both Defendant and the Offices reserve the right to withdraw from

16 this Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure

17 and proceed to trial. No other agreement has been made regarding the imposition of a

18 sentence in this matter and the parties understand that the Court retains full discretion

19 regarding the imposition of a term of probation, the conditions of probation, and other

20 aspects of the sentence as may be applicable. Except as specified above, Defendant

21 understands that Defendant cannot withdraw a guilty plea simply because of the sentence

22 imposed by the Court.

23       a.    <u>Criminal Fine</u>. The parties agree the appropriate sentence of a fine is

24 a fine of $1,805,475,575 ("Criminal Fine"). This reflects a twenty (20) percent discount

25 off the bottom of the applicable Sentencing Guidelines fine range for Defendant's partial

26 cooperation and remediation. Defendant agrees to pay the Criminal Fine on the schedule

27 set forth below in Paragraph 24. The Offices will credit $950,000,000 of the penalty that

Plea Agreement - 13
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant and/or Defendant's Chief Executive Officer Changpeng Zhao pay to the CFTC in connection with a parallel resolution entered into between the CFTC and the Defendant or Zhao by the end of fifteen months from the sentencing of the Defendant against the Criminal Fine (the "CFTC Credit"). The Offices will credit $850,000,000 of the penalty that Defendant pays to FinCEN or OFAC in connection with parallel resolutions entered into between the Defendant and FinCEN or OFAC by the end of fifteen months from the sentencing of the Defendant against the Criminal Fine (the "Treasury Credit"). Should Defendant not pay any portion of the CFTC Credit or the Treasury Credit to the CFTC, FinCEN, or OFAC within fifteen months from the sentencing of the Defendant for any reason, Defendant will pay the remaining portion of the Criminal Fine to the U.S. Treasury within ten business days.

b.      Forfeiture. Defendant consents to the entry of an Order of Forfeiture requiring Defendant to pay a money judgment, representing property forfeitable to the United States, in the amount of $2,510,650,588 (the "Total Money Judgment"), as set forth in Paragraphs 15 through 23 below and payable pursuant to the schedule set forth at Paragraph 24 below.

c.      Mandatory Special Assessment. Defendant shall pay to the Clerk of the Court for the United States District Court for the Western District of Washington the total mandatory special assessment of $1200.

d.      Probation. Pursuant to 18 U.S.C. § 3561(c)(1), the parties agree to request that the Court impose on Defendant a term of probation ending three (3) years from the date on which the Monitor is selected.

e.      Waiver of Pre-Sentence Investigation Report. The parties waive the preparation of a Pre-Sentence Investigation Report ("PSR"). Defendant understands that whether to proceed with the sentencing proceeding without a PSR is exclusively the decision of the Court. Pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), the parties submit that the information contained in the record of this case is sufficient to

Plea Agreement - 14
*United States v. Binance Holdings, Limited,* CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   enable this Court to meaningfully exercise its sentencing authority under 18 U.S.C. §

2   3553 without preparing a PSR. In the event the Court directs the preparation of a PSR,

3   the Offices will fully inform the preparer of the PSR and the Court of the facts and law

4   related to Defendant's case.

5   15.      **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part

6   of the sentence that must be imposed in this case. Defendant agrees to forfeit to the

7   United States pursuant to this Agreement its right, title, and interest in any property, real

8   or personal, constituting, or derived from, proceeds traceable to its commission of

9   Conspiracy to conduct an unlicensed MTB and to fail to maintain an effective AML

10  program, as charged in Count 1 of the Information. All such property is forfeitable

11  pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28,

12  United States Code, Section 2461.

13  16.      Defendant further agrees to forfeit to the United States its right, title, and interest

14  in any property, real or personal, involved in its commission of conducting an unlicensed

15  MTB, as charged in Count 2 of the Information. All such property is forfeitable pursuant

16  to Title 18, United States Code, Section 982(a)(1), and includes, but is not limited to, a

17  money judgment of least $1,612,031,763, which Defendant admits it collected in fees for

18  transactions involving its United States users and includes, but is not limited to, a sum of

19  money reflecting the proceeds Defendant obtained from this offense (the "1960 Money

20  Judgment").

21  17.      Defendant further agrees to forfeit to the United States its right, title, and interest

22  in any property, real or personal, constituting, or derived from, proceeds traceable to its

23  commission of violation of IEEPA, as charged in Count 3 of the Information. All such

24  property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by

25  way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to,

26  a money judgment in the amount of $898,618,825, which Defendant admits is the amount

27  of transactions it caused between users who were U.S. persons and persons who resided

Plea Agreement - 15
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  in Iran and includes, but is not limited to, a sum of money reflecting the proceeds

2  Defendant obtained from this offense (the "IEEPA Money Judgment").

3  18.    Defendant acknowledges that the forfeitable sums for Count 2 and Count 3 total at

4  least $2,510,650,588 and accordingly agrees to forfeit to the United States this sum of

5  money as the Total Money Judgment.

6  19.    Defendant further agrees that it will pay the entirety of this Total Money

7  Judgment, in U.S. currency (*i.e.*, U.S. fiat currency), pursuant to the terms of the

8  Agreement. Payment shall be made as directed, in writing, by the Offices. Defendant

9  understands and acknowledges that its failure to pay the entirety of the Total Money

10  Judgment pursuant to the Agreement will constitute a breach of this Plea Agreement, and

11  the Offices, at the Offices' sole discretion, may withdraw from this Plea Agreement.

12  20.    Defendant consents to the filing of the Proposed Order of Forfeiture, attached

13  hereto as Attachment G, and agrees that the Proposed Order of Forfeiture shall be final as

14  to Defendant at the time it is entered by the Court. Defendant acknowledges that the

15  Order of Forfeiture will be incorporated into the Judgment at sentencing.

16  21.    Defendant agrees to fully assist the United States in the forfeiture of any

17  forfeitable property and to take whatever steps are necessary to pass clear title to the

18  United States, including but not limited to: surrendering title and executing any

19  documents necessary to effect forfeiture; assisting in bringing any property located

20  outside the United States within the jurisdiction of the United States; and taking whatever

21  steps are necessary to ensure that property subject to forfeiture is not sold, disbursed,

22  wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file

23  a claim to any of this property in any federal forfeiture proceeding, administrative or

24  judicial, that may be or has been initiated. Defendant also agrees it will not assist any

25  party who may file a claim to this property in any federal forfeiture proceeding.

26  22.    Defendant agrees and acknowledges that any forfeiture of Defendant's assets and

27  the payment of the Total Money Judgment shall not be treated as satisfaction of any fine,

Plea Agreement - 16
*United States v. Binance Holdings, Limited,* CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    restitution, cost of imprisonment, or any other penalty the Court may impose upon

2    Defendant in addition to forfeiture.

3    23.    In the event of a breach of this Agreement as specified in Paragraph 35, the United

4    States reserves its right to proceed against any remaining property not identified in this

5    Agreement, in which Defendant has any interest, if that property constitutes or derives

6    from proceeds traceable to its commission of Conspiracy to Conduct an Unlicensed MTB

7    and to Fail to Maintain an Effective AML Program (Count 1); was involved in its

8    commission of Conducting an Unlicensed MTB (Count 2); or constitutes or derives from

9    proceeds traceable to its commission of a Willful Violation of IEEPA (Count 3).

10   24.    **Payment Terms.** The Defendant agrees to pay the Total Money Judgment and

11   Criminal Fine as follows:

12   - No later than 30 days after the Defendant's sentencing, payment of $898,618,825,
13     the IEEPA Money Judgment;

14   - No later than 6 months after the Defendant's sentencing, payment of
15     $1,612,031,763, the 1960 Money Judgment; and

16   - No later than 15 months after the Defendant's sentencing, payment of
17     $1,805,475,575, the Criminal Fine, subject to the crediting set forth in Paragraph
18     14(a).

19   25.    **Cooperation.** Defendant shall cooperate fully with the Offices in any and all

20   matters relating to the conduct described in this Agreement and the Statement of Facts

21   and any individual or entity referred to therein, as well as any other conduct under

22   investigation by the Offices at any time during the Term, until the later of the date upon

23   which all investigations and prosecutions arising out of such conduct are concluded, or

24   the end of the Term. At the Offices' request, Defendant shall also cooperate fully with

25   other domestic or foreign law enforcement and regulatory authorities and agencies in any

26   other investigation at any time during the Term. Defendant's cooperation pursuant to this

27   Paragraph is subject to applicable law and regulations, as well as valid claims of attorney-

Plea Agreement - 17
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

client privilege or attorney work product doctrine; however, Defendant must provide to the Offices a log of any information or cooperation that is not provided based on an assertion of law, regulation, or privilege, and Defendant bears the burden of establishing the validity of any such assertion. Defendant agrees that its cooperation pursuant to this Paragraph shall include, but not be limited to, the following, subject to local law and regulations:

a.      Defendant represents that it has truthfully disclosed all factual information with respect to its activities, those of its subsidiaries and affiliates, and those of its present and former directors, officers, employees, agents, and consultants relating to the conduct described in this Agreement, as well as any other conduct under investigation by the Offices at any time about which Defendant has any knowledge. Defendant further agrees that it shall timely and truthfully disclose all information with respect to its activities, those of its subsidiaries and affiliates involved in the operation of the Binance.com exchange or with access to the Binance.com orderbook, and those of its present and former directors, officers, employees, agents, and consultants, including any evidence or allegations and internal or external investigations, about which the Offices may inquire. This obligation of truthful disclosure includes, but is not limited to, the obligation of Defendant to provide to the Offices, upon request, any document, record, or other tangible evidence about which the Offices may inquire of Defendant, including evidence that is responsive to any requests made prior to the execution of this Agreement.

b.      Upon the Offices' request, Defendant shall designate knowledgeable employees, directors, officers, agents, consultants, or attorneys to provide to the Offices the information and materials described above on behalf of Defendant. It is further understood that Defendant must at all times provide complete, truthful, and accurate information.

c.      Defendant shall use its best efforts to make available for interviews or testimony, as requested by the Offices, present or former officers, directors,

Plea Agreement - 18
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

employees, agents, and consultants of Defendant. This obligation includes, but is not limited to, sworn testimony before a federal grand jury or in federal trials, as well as interviews with domestic or foreign law enforcement and regulatory authorities. Cooperation under this Paragraph shall include identification of witnesses who, to the knowledge of Defendant, may have material information regarding the matters under investigation.

        d.     With respect to any information, testimony, documents, records, or other tangible evidence provided to the Offices pursuant to this Agreement, Defendant consents to any and all disclosures, subject to applicable law and regulations, to other governmental authorities including United States authorities and those of a foreign government of such materials as the Offices, in their sole discretion, shall deem appropriate.

26.    **Disclosures.**  During the Term, should Defendant learn of any evidence or allegation of conduct that may constitute a violation of federal laws prohibiting money laundering, the federal laws governing MTBs, the BSA or other laws requiring AML programs, or laws prohibiting violations of U.S. sanctions, had the conduct occurred within the jurisdiction of the United States, or any evidence or allegation of a criminal violation of U.S. federal law, Defendant shall promptly report such evidence or allegation to the Offices in a manner and form consistent with local law. Thirty (30) days prior to the end of the Term, Defendant, by the Chief Executive Officer of Defendant and the Chief Compliance Officer of Defendant, or an executive officer substantively responsible for Defendant's operations, will certify to the Offices, in the form of executing the document attached as Attachment E to this Agreement, that Defendant has met its disclosure obligations pursuant to this Paragraph. Each certification will be deemed a material statement and representation by Defendant to the executive branch of the United States for purposes of 18 U.S.C. §§ 1001 and 1519, and it will be deemed to have been made in the judicial district in which this Agreement is filed.

Plea Agreement - 19
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

27.   **Compliance Program, Monitoring, and Reporting.** The parties have agreed to the compliance, monitoring, and reporting requirements set forth in Attachments C and D. Defendant represents that it has implemented and will continue to implement AML and sanctions compliance programs that meet, at a minimum, the elements set forth in Attachment C. Such programs shall be designed to detect and prevent violations of laws prohibiting money laundering, laws requiring AML programs, laws governing MTBs, and laws prohibiting violations of U.S. sanctions through Defendant's operations, including those of its subsidiaries and affiliates involved in the operation of the Binance.com exchange or with access to the Binance.com orderbook, and its agents and business partners, as defined in Attachment C. Thirty (30) days prior to the expiration of the Term, Defendant, by the Chief Executive Officer and Chief Compliance Officer, will certify to the Offices, in the form of executing the document attached as Attachment F to this Agreement, that Defendant has met its compliance obligations pursuant to this Agreement.

28.   In order to address any deficiencies in its AML and U.S. sanctions compliance programs, Defendant represents that it has undertaken, and will continue to undertake in the future, in a manner consistent with all of its obligations under this Agreement, a review of its existing compliance and ethics programs, policies, procedures, systems, and internal controls regarding compliance with federal laws prohibiting money laundering, the federal laws governing MTBs, the BSA or other laws requiring AML programs, or laws prohibiting violations of U.S. sanctions. Where necessary and appropriate, Defendant agrees to adopt new or modify its AML and sanctions compliance programs in order to ensure that it develops and maintains rigorous compliance programs, including an effective and risk-based AML program, that incorporate relevant policies, procedures, and internal systems and controls designed to effectively detect and deter violations of federal laws prohibiting money laundering, the federal laws governing MTBs, the BSA or other laws requiring AML programs, or laws prohibiting violations of U.S. sanctions. The

Plea Agreement - 20
*United States v. Binance Holdings, Limited,* CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   compliance programs will include, but not be limited to, the minimum elements set forth

2   in Attachment C.

3   29.    **Monitor.** Defendant agrees to retain a Monitor for the term specified in Paragraph

4   7. The Monitor's duties and authority, and the obligations of Defendant with respect to

5   the Monitor and the Offices are set forth in Attachments C and D, which are incorporated

6   by reference into this Agreement. No later than 30 days after the execution of this

7   Agreement, Defendant shall submit a written proposal identifying the Monitor

8   candidates, and, at a minimum, providing the following:

9          a.    A description of each candidate's qualifications and credentials in

10  support of the evaluative considerations and factors listed below;

11         b.    A written certification by Defendant that Defendant and its

12  subsidiaries will not employ or be affiliated with the Monitor for a period of not less than

13  two years from the date of the termination of the monitorship;

14         c.    A written certification by each of the candidates that he/she is not a

15  current or recent (*i.e.*, within the prior two years) employee, agent, or representative of

16  Defendant and holds no interest in, and has no relationship with, Defendant, its

17  subsidiaries, affiliates, or related entities, or its employees, officers, or directors;

18         d.    A written certification by each of the candidates that he/she has

19  notified any clients that the candidate represents in a matter involving the Offices (or any

20  other Department component) handling the Monitor selection process, and that the

21  candidate has either obtained a waiver from those clients or has withdrawn as counsel in

22  the other matter(s); and

23         e.    A statement identifying the Monitor candidate that is Defendant's

24  first, second, and third choice to serve as the Monitor.

25  30.    The Monitor candidates or their team members shall have, at a minimum, the

26  following qualifications:

27

Plea Agreement - 21
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      Demonstrated expertise with respect to the BSA and other applicable laws requiring AML programs, including experience counseling or advising on effective AML programs at financial institutions;

b.      Demonstrated expertise with respect to U.S. sanctions laws, including experience counseling or advising financial institutions on sanctions compliance;

c.      Experience designing and/or reviewing corporate compliance programs, policies, procedures, and controls, including AML compliance programs and sanctions compliance programs, and compliance programs implemented at financial institutions;

d.      The ability to access and deploy resources as necessary to discharge the Monitor's duties as described in the Agreement; and

e.      Sufficient independence from Defendant and its subsidiaries to ensure effective and impartial performance of the Monitor's duties as described in the Agreement.

31.     The Offices retain the right, in their sole discretion, to choose the Monitor from among the proposed candidates, though Defendant may express its preference(s) among the candidates. The Offices understand that FinCEN shall also impose an independent consultant. The Department agrees that the Monitor and the independent consultant may be fulfilled by the Offices' and FinCEN's selection of the same individual subject to the provisions in Attachment D. Monitor selections shall be made in keeping with the Department's commitment to diversity and inclusion. If the Offices determine, in their sole discretion, that any of the candidates are not, in fact, qualified to serve as the Monitor, or if the Offices, in their sole discretion, are not satisfied with the candidates proposed, the Offices reserve the right to request that Defendant nominate additional candidates. In the event the Offices reject any proposed Monitors, Defendant shall propose additional candidates within twenty (20) business days after receiving notice of

Plea Agreement - 22
*United States v. Binance Holdings, Limited,* CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the rejection so that three qualified candidates are proposed. This process shall continue until a Monitor acceptable to both parties is chosen. The Offices and Defendant will use their best efforts to complete the selection process within sixty (60) business days of the execution of this Agreement. The Offices retain the right to determine that the Monitor should be removed, if in the Offices sole discretion, the Monitor fails to conduct the monitorship effectively, fails to comply with this Agreement, or no longer meets the qualifications outlined in Paragraph 30 above. If the Monitor resigns, is removed, or is otherwise unable to fulfill his or her obligations as set out herein and in Attachments C and D, Defendant shall within twenty (20) business days recommend a pool of three qualified Monitor candidates from which the offices will choose a replacement, following the process outlined above.

32.     The Monitor's term shall be three years from the date on which the Monitor is retained, subject to Paragraph 7.

33.     The Monitor's powers, duties, and responsibilities, as well as additional circumstances that may support an extension of the Monitor's term, are set forth in Attachments C and D. Defendant agrees that Defendant and its subsidiaries, branches, and affiliates will not employ or be affiliated with the Monitor or the Monitor's firm for a period of not less than two years from the date on which the Monitor's term expires, nor will Defendant and its subsidiaries, branches, and affiliates discuss with the Monitor or the Monitor's firm the possibility of further employment or affiliation during the Monitor's term. Upon agreement by the parties, this prohibition will not apply to other monitorship responsibilities that the Monitor or the Monitor's firm may undertake in connection with related resolutions with foreign or other domestic authorities, including FinCEN.

34.     **Ongoing Corporate Obligation.** Except as may otherwise be agreed by the parties in connection with a particular transaction, Defendant agrees that in the event that, during the Term, Defendant undertakes any change in corporate form or control,

Plea Agreement - 23
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    including if it sells, merges, or transfers business operations that are material to

2    Defendant's consolidated operations, or to the operations of any subsidiaries, branches, or

3    affiliates involved in the conduct described in the Statement of Facts, as they exist as of

4    the date of this Agreement, whether such sale is structured as a sale, asset sale, merger,

5    transfer, or other change in corporate form or control, it shall include in any contract for

6    sale, merger, transfer, or other change in corporate form a provision binding the

7    purchaser, or any successor in interest thereto, to the obligations described in this

8    Agreement. The purchaser or successor in interest must also agree in writing that the

9    Offices' ability to breach under this Agreement is applicable in full force to that entity.

10    Defendant agrees that the failure to include these provisions in the transaction will make

11    any such transaction null and void. Defendant shall provide notice to the Offices at least

12    thirty (30) days prior to undertaking any such sale, merger, transfer, or other change in

13    corporate form or control. The Offices shall notify Defendant prior to such transaction (or

14    series of transactions) if they determine that the transaction(s) will have the effect of

15    circumventing or frustrating the purposes of this Agreement, as determined in the sole

16    discretion of the Offices; Defendant agrees that such transaction(s) will not be

17    consummated. In addition, if at any time during the Term, the Offices determine in their

18    sole discretion that Defendant has engaged in a transaction(s) that has the effect of

19    circumventing or frustrating the purposes of this Agreement, the Offices may deem it a

20    breach of this Agreement pursuant to Paragraphs 35 through 37. Nothing herein shall

21    restrict Defendant from indemnifying (or otherwise holding harmless) the purchaser or

22    successor in interest for penalties or other costs arising from any conduct that may have

23    occurred prior to the date of the transaction, so long as such indemnification does not

24    have the effect of circumventing or frustrating the purposes of this Agreement, as

25    determined by the Offices.

26    35.    **Breach and Post-Plea Conduct.** If Defendant (a) commits any felony under U.S.

27    federal law; (b) provides in connection with this Agreement deliberately false,

Plea Agreement - 24
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

incomplete, or misleading information; (c) fails to cooperate as set forth in Paragraph 25 of this Agreement; (d) fails to implement a compliance program as set forth in Paragraphs 27 and 28 of this Agreement and Attachment C; (e) commits any acts that had they occurred within the jurisdictional reach of the United States would be a violation of the BSA, the federal laws governing MTBs, or laws prohibiting violations of U.S. sanctions; or (f) otherwise fails specifically to perform or to fulfill completely each of Defendant's obligations under the Agreement, including payment of the Total Money Judgment in its entirety pursuant to the Agreement, regardless of whether the Offices become aware of such a breach after the Term, Defendant shall thereafter be subject to prosecution for any federal criminal violation of which the Offices have knowledge, including, but not limited to, the charges in the Information described in Paragraph 2, which may be pursued by the Offices in the U.S. District Court for the Western District of Washington or any other appropriate venue. Determination of whether Defendant has breached the Agreement and whether to pursue prosecution of Defendant shall be in the Offices' sole discretion. Any such prosecution may be premised on information provided by Defendant or its personnel. Any such prosecution relating to the conduct described in the Information and the attached Statement of Facts or relating to conduct known to the Offices prior to the date on which this Agreement was signed that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Defendant, notwithstanding the expiration of the statute of limitations, between the signing of this Agreement and the expiration of the Term plus one year. Thus, by signing this Agreement, Defendant agrees that the statute of limitations with respect to any such prosecution that is not time-barred on the date of the signing of this Agreement shall be tolled for the Term plus one year. Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of the signing of this Agreement. In addition,

Plea Agreement - 25
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Defendant agrees that the statute of limitations as to any violation of federal law that

2 occurs during the term of the cooperation obligations provided for in Paragraph 25 of the

3 Agreement will be tolled from the date upon which the violation occurs until the earlier

4 of the date upon which the Offices are made aware of the violation or the duration of the

5 Term plus five years, and that this period shall be excluded from any calculation of time

6 for purposes of the application of the statute of limitations.

7    36.    In the event the Offices determine that Defendant has breached this Agreement,

8 the Offices agree to provide Defendant with written notice of such breach prior to

9 instituting any prosecution resulting from such breach. Within thirty (30) days of receipt

10 of such notice, Defendant shall have the opportunity to respond to the Offices in writing

11 to explain the nature and circumstances of such breach, as well as the actions Defendant

12 has taken to address and remediate the situation, which explanation the Offices shall

13 consider in determining whether to pursue prosecution of Defendant.

14    37.    In the event that the Offices determine that Defendant has breached this

15 Agreement: (a) the Offices will be free from all of their obligations under the Agreement;

16 (b) Defendant will not have the right to withdraw the guilty plea; (c) all statements made

17 by or on behalf of Defendant to the Offices or to the Court, including the Information and

18 the Statement of Facts, and any testimony given by Defendant before a grand jury, a

19 court, or any tribunal, or at any legislative hearings, whether prior or subsequent to this

20 Agreement, and any leads derived from such statements or testimony, shall be admissible

21 in evidence in any and all criminal proceedings brought by the Offices against Defendant

22 as set forth in Paragraph 2; and (b) Defendant shall not assert any claim under the United

23 States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of

24 the Federal Rules of Evidence, or any other federal rule that any such statements or

25 testimony made by or on behalf of Defendant prior or subsequent to this Agreement, or

26 any leads derived therefrom, should be suppressed or are otherwise inadmissible. The

27 decision whether conduct or statements of any current director, officer, employee, or any

Plea Agreement - 26
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

person acting on behalf of, or at the direction of, Defendant, will be imputed to Defendant for the purpose of determining whether Defendant has violated any provision of this Agreement shall be in the sole discretion of the Offices.

38.     Defendant acknowledges that the Offices have made no representations, assurances, or promises concerning what sentence may be imposed by the Court if Defendant breaches this Agreement and this matter proceeds to judgment. Defendant further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

39.     **Waivers including Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that Defendant waives to the full extent of the law:

a.     Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, provided it is within the statutory maximum, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b.     Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This does not affect the rights or obligations of the Offices set forth in Title 18, United States Code, Section 3742(b).

40.     If Defendant breaches this Plea·Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in

Plea Agreement - 27
*United States v. Binance Holdings, Limited,* CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  any way, the Offices may prosecute Defendant for any counts that were not charged

2  pursuant to this Plea Agreement.

3  41.    Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit

4  the admissibility of statements made in the course of plea proceedings or plea discussions

5  in both civil and criminal proceedings, if the guilty plea is later withdrawn. Defendant

6  expressly warrants that it has discussed these rules with its counsel and understands them.

7  Solely to the extent set forth below, Defendant voluntarily waives and gives up the rights

8  enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence

9  410. Defendant agrees that, effective as of the date Defendant signs this Agreement, it

10  will not dispute the Statement of Facts set forth in this Agreement, and that the Statement

11  of Facts shall be admissible against Defendant in any criminal case involving the Offices

12  and Defendant, as: (a) substantive evidence offered by the government in its case-in-chief

13  and rebuttal case; (b) impeachment evidence offered by the government on cross-

14  examination; and (c) evidence at any sentencing hearing or other hearing. In addition,

15  Defendant also agrees not to assert any claim under the Federal Rules of Evidence

16  (including Rule 410 of the Federal Rules of Evidence), the Federal Rules of Criminal

17  Procedure (including Rule 11 of the Federal Rules of Criminal Procedure), or the United

18  States Sentencing Guidelines (including U.S.S.G. § 1B1.1(a)) that the Statement of Facts

19  should be suppressed or is otherwise inadmissible as evidence (in any form). Specifically,

20  Defendant understands and agrees that any statements that it makes in the course of its

21  guilty plea or in connection with the Agreement, or any leads derived therefrom, are

22  admissible against it for any purpose in any U.S. federal criminal proceeding if, even

23  though the Offices have fulfilled all of their obligations under this Agreement and the

24  Court has imposed the agreed-upon sentence, Defendant nevertheless withdraws its guilty

25  plea.

26  42.    Defendant hereby waives all rights, whether asserted directly or by a

27  representative, to request or receive from any department or agency of the United States

Plea Agreement - 28
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any records pertaining to the investigation or prosecution of this criminal case, including
without limitation any records that may be sought under the Freedom of Information Act,
Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code,
Section 552a.

43.     The Offices are free to take any position on appeal or any other post-judgment
matter. The parties agree that any challenge to Defendant's sentence that is not foreclosed
by this Paragraph will be limited to that portion of the sentencing calculation that is
inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of
appellate and collateral review rights shall preclude Defendant from challenging a
sentence exceeding the statutory maximum punishment or raising a claim of ineffective
assistance of counsel in an appropriate forum.

44.     **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea
Agreement freely and voluntarily, and that no threats or promises were made to induce
Defendant to enter a plea of guilty other than the promises contained in this Plea
Agreement or set forth on the record at the change of plea hearing in this matter.

45.     **Statute of Limitations.** Defendant waives all defenses based on the statute of
limitations and venue with respect to any prosecution related to the conduct described in
the Statement of Facts or the Information, including any prosecution that is not time-
barred on the date that this Agreement is signed in the event that: (a) the conviction is
later vacated for any reason; (b) Defendant violates this Agreement; or (c) the plea is later
withdrawn, provided such prosecution is brought within one year of any such vacatur of
conviction, violation of the Agreement, or withdrawal of plea, plus the remaining time
period of the statute of limitations as of the date that this Agreement is signed.

46.     **Public Statements by Defendant.** Defendant expressly agrees that it shall not,
through present or future attorneys, officers, directors, employees, agents, or any other
person authorized to speak for Defendant make any public statement, in litigation or
otherwise, contradicting the acceptance of responsibility by Defendant set forth above or

Plea Agreement - 29
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the facts described in the Information and Statement of Facts. Any such contradictory statement shall, subject to cure rights of Defendant described below, constitute a breach of this Agreement, and Defendant thereafter shall be subject to prosecution as set forth in Paragraphs 35 through 37 of this Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Information or Statement of Facts will be imputed to Defendant for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of the Offices. If the Offices determine that a public statement by any such person contradicts in whole or in part a statement contained in the Information or Statement of Facts, the Offices shall so notify Defendant, and Defendant may avoid a breach of this Agreement by publicly repudiating such statement(s) within five business days after notification. Defendant shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Information and Statement of Facts provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Information or Statement of Facts. This paragraph applies to any statement made by Changpeng Zhao in connection with any criminal, regulatory, or civil case initiated against him. This paragraph, however, does not apply to any statement made by any other present or former officer, director, employee, or agent of Defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of Defendant. Defendant agrees that if it or any of its direct or indirect subsidiaries or affiliates issues a press release or holds any press conference in connection with this Agreement, Defendant shall first consult the Offices to determine (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the Offices and Defendant; and (b) whether the Offices have any objection to the release or statement.

47.    **Completeness of Plea Agreement.** The Offices and Defendant acknowledge that these terms constitute the entire Agreement between the parties, except as may be set

Plea Agreement - 30
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   forth on the record at the change of plea hearing in this matter. There are no other

2   promises or agreements, express or implied. This Agreement binds only the Criminal

3   Division, U.S. Department of Justice; Counterintelligence & Export Control Section,

4   National Security Division, U.S. Department of Justice; and U.S. Attorney's Office for

5   the Western District of Washington. It does not bind any other United States Attorney's

6   Office or any other division or section of the Department of Justice or any other federal,

7   state, local, or foreign prosecuting, administrative, or regulatory authority. Nevertheless,

8   the Offices will bring this Agreement and the nature and quality of the conduct,

9   cooperation, and remediation of Defendant, its direct or indirect affiliates, subsidiaries,

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Plea Agreement - 31
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  branches, and joint ventures, to the attention of other law enforcement, regulatory, and

2  debarment authorities, if requested by Defendant.

3        Dated this 2⁺ day of November , 2023.

4

5                                        _____

6                                        BINANCE HOLDINGS LIMITED
                                         Defendant

7

8                                        STEPHANIE BROOKER
                                         M. KENDALL DAY

9                                        POONAM G. KUMAR
                                         Counsel for Defendant

10

11  **FOR THE DEPARTMENT OF JUSTICE:**

12  MARGARET A. MOESER                    TESSA M. GORMAN
    Acting Chief                         Acting United States Attorney

13  Money Laundering and Asset Recovery  Western District of Washington

14  Section, Criminal Division           U.S. Department of Justice
    U.S. Department of Justice

15

16  _____      _____
    Kevin G. Mosley                      Andrew Friedman

17  Elizabeth R. Carr                    Assistant United States Attorney
    Trial Attorneys

18

19  JENNIFER KENNEDY GELLIE
    Acting Chief

20  Counterintelligence and Export Control

21  Section, National Security Division
    U.S. Department of Justice

22

23  _____
    Alex Wharton

24  Beau D. Barnes
    Trial Attorneys

25

26

27

Plea Agreement - 32
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## DEFENDANT'S ACCEPTANCE OF TERMS.

Binance Holdings Limited (BINANCE), through its authorized representatives, affirms that this document contains all of the agreements made between BINANCE— with the assistance of counsel—and the Offices regarding these pleas. There are no other promises, assurances, or agreements the Offices have made or entered into with BINANCE that have affected the decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, BINANCE and the Offices will jointly inform the Court in writing before BINANCE enters the guilty plea.

BINANCE understands that no one, including counsel for BINANCE, can guarantee the outcome of this case or what sentence the Court may impose if BINANCE pleads guilty. If anyone, including BINANCE's counsel, has done or said anything other than what is contained in this agreement, BINANCE will inform the Court when it stands before the Court to enter its plea.

As Binance's authorized representative, I understand the Court will ask me under an oath to answer questions about the offenses to which BINANCE is pleading guilty and BINANCE's understanding of this plea agreement. I understand that I may be prosecuted if I make knowingly false statements or give false answers and may suffer other consequences set forth in this agreement.

On behalf of BINANCE, I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement on behalf of BINANCE or to enter the pleas on behalf of BINANCE. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with BINANCE's counsel is privileged and confidential and cannot be revealed without BINANCE's permission. Knowing this, I agree that this document will be filed with the Court.

BINANCE is fully satisfied with the representation given BINANCE by the counsel for BINANCE and I am prepared to repeat this statement at the time I stand

Plea Agreement - 33
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

before the Court and enter BINANCE's guilty pleas. BINANCE's counsel and BINANCE have discussed all possible defenses to the charges to which BINANCE is pleading guilty. BINANCE's counsel has investigated BINANCE's case and followed up on any information and issues BINANCE has raised to BINANCE's satisfaction. BINANCE's counsel have taken the time to fully explain the legal and factual issues involved in this case to BINANCE's satisfaction. BINANCE's counsel and BINANCE have discussed the statutes applicable to BINANCE's offense and sentence as well as the possible effect the U.S.S.G. may have on BINANCE's sentence.

Based on BINANCE's complete understanding of this plea agreement, BINANCE therefore wishes to enter a plea of guilty to Counts 1, 2, and 3 of the Information filed in this case.

DATED: 11/21/23

_____

BINANCE HOLDINGS, LTD, Defendant
Joshua Eaton
Authorized Representative of Defendant

Plea Agreement - 34
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## STATEMENT OF COUNSEL

As counsel for the Defendant, I have discussed all plea offers and the terms of this plea agreement with the Defendant, have fully explained the charges to which the Defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the Defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the Defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the Defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.

DATED: 11/21/23

STEPHANIE BROOKER
M. KENDALL DAY
POONAM KUMAR
Counsel for Defendant

Plea Agreement - 35
*United States v. Binance Holdings, Limited*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970