The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED,<br><br>Defendant. | NO. CR23-178RAJ<br><br>**STIPULATED MOTION FOR ORDER OF FORFEITURE**<br><br>NOTE ON MOTION CALENDAR:<br>February 9, 2024 |

## I.  RELIEF REQUESTED BY THE PARTIES

Pursuant to paragraph 10(h) of the plea agreement in this matter (Dkt. No. 23), the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section, National Security Division, Counterintelligence and Export Control Section, and the United States Attorney's Office for the Western District of Washington (collectively, the "Offices"), by and through its undersigned counsel, and Defendant Binance Holdings Limited, by and through its undersigned counsel, hereby file this Stipulated Motion for an Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b) for a forfeiture money judgment in the amount of $2,510,650,558.

Stipulated Motion for Order of Forfeiture
*United States v. Binance Holdings Limited,* CR23-178RAJ- 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. LEGAL AND FACTUAL BASIS FOR STIPULATED MOTION

This Stipulated Motion is supported by the following procedural facts, which are reflected in the pleadings filed and docket entries made in this matter.

On November 14, 2023, the United States filed an Information charging Defendant with Conspiracy to Conduct an Unlicensed Money Transmitting Business ("MTB") and to Fail to Maintain an Effective Anti-Money Laundering ("AML") Program, in violation of Title 18, United States Code, Section 371 (Count 1); Conducting an Unlicensed Money Transmitting Business (MTB), in violation of Title 18, United States Code, Sections 1960(a), 1960(b)(1)(B), and 2 (Count 2); and Violation of the International Emergency Economic Powers Act ("IEEPA"), in violation of Title 50, United States Code, Section 1705, and Title 31, Code of Federal Regulations, Part 560 *et seq.* (Count 3). Dkt. No. 1.

The Information contained an asset forfeiture allegation providing notice that upon conviction of the offenses alleged in Counts 1 and 3 of the Information, Defendant shall forfeit to the United States, all property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c). Dkt. No. 1. The forfeiture allegation also provided notice that upon conviction of the offense alleged in Count 2, Defendant shall forfeit to the United States, all property, real or personal, involved in the offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1). *Id.*

On November 21, 2023, Defendant pleaded guilty to each of the charges contained in the Information. Dkt. No. 23, ¶ 2. In its Plea Agreement, the Defendant admitted, agreed, and stipulated that all the factual allegations set forth in the Information and in the Statement of Facts in the Plea Agreement were true and correct. *Id.* ¶ 11. The Plea Agreement was amended on December 11, 2023. Dkt. No. 28.

Stipulated Motion for Order of Forfeiture
*United States v. Binance Holdings Limited,* CR23-178RAJ- 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In its Plea Agreement, Defendant acknowledged that forfeiture is part of the sentence that must be imposed in this case. Dkt. No. 23, ¶ 15. Defendant agreed to forfeit to the United States its right title, and interest in any property, real or personal, constituting or derived from proceeds traceable to its commission of Conspiracy to Conduct an Unlicensed MTB and to Fail to Maintain an Effective AML Program, as charged in Count 1 of the Information, as all such property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461. *Id.*

In its Plea Agreement, Defendant further agreed to forfeit to the United States its right title, and interest in any property, real or personal, involved in its commission of Conducting an Unlicensed MTB, as charged in Count 2 of the Information, as all such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(1). *Id.* ¶ 16. Defendant further agreed that this property includes a money judgment of $1,612,031,763, which Defendant admits it collected in fees for transactions involving its United States users, *i.e.*, proceeds that Defendant obtained from this offense (the "1960 Money Judgment"). *Id.*

In its Plea Agreement, Defendant further agreed to forfeit to the United States its right, title, and interest in any property, real or personal, constituting or derived from proceeds traceable to its commission of its violation of IEEPA, as charged in Count 3 of the Information, as all such property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and title 28, United States Code, Section 2461(c). *Id.* ¶ 17. Defendant further agreed that this property includes a money judgment in the amount of $898,618,825, which Defendant admits is the amount of transactions it caused between users who were U.S. persons and persons who resided in Iran (the "IEEPA Money Judgment"). *Id.*

In its Plea Agreement, Defendant acknowledged that the forfeitable sums for Count 2 and Count 3 total $2,510,650,588, and accordingly agreed to forfeit to the United

Stipulated Motion for Order of Forfeiture
*United States v. Binance Holdings Limited,* CR23-178RAJ- 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States this sum of money as the "Total Money Judgment." *Id.* ¶ 18. Defendant further consented to the filing of the Proposed Order of Forfeiture, attached to its Plea Agreement as Attachment G, and agreed that the Proposed Order of Forfeiture shall be final as to Defendant at the time it is entered by the Court. *Id.* ¶ 20; *see* Dkt. No. 23-7 (Attachment G); *see also* Fed. R. Crim. P. 32.2(b)(4).  As set forth in the Plea Agreement as amended on December 11, 2023, the IEEPA Money Judgment is due no later than 30 days after the Defendant's sentencing and the 1960 Money Judgment is due no later than 15 months after the Defendant's sentencing. Dkt. No. 23, ¶ 24; Dkt. No. 28, Addendum A, ¶ 24.  The Total Money Judgment will be credited by – and offset payments that otherwise would be due to – the Commodity Future Trading Commission ("CFTC"), Office of Foreign Assets Control ("OFAC"), and the Financial Crimes Enforcement Network ("FinCEN"), as set forth in the Plea Agreement as amended on December 11, 2023. Dkt. No. 28, Addendum A, ¶ 16 and in parallel agreements with the CFTC, OFAC, and FinCEN.

  To comply with the timing requirements of Fed. R. Crim. P. 32.2(b)(2), the parties now jointly move for entry of an Order of Forfeiture, forfeiting the Defendant's interest in the money judgment in the amount of $2,510,650,588, which is payable as set forth in ¶ 24 of the amended plea agreement.

  This forfeiture money judgement is personal to Defendant, and pursuant to Fed. R. Crim. P. 32.2(c)(1), no third-party ancillary process is required before its forfeiture.

  The proposed order, to which Defendant has already agreed, is filed with the Court as Attachment G to Defendant's Plea Agreement. *See* Dkt. No. 23-7.  We ask the Court to

//

//

//

Stipulated Motion for Order of Forfeiture  
*United States v. Binance Holdings Limited,* CR23-178RAJ- 4

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

enter that order at the Defendant's sentencing, or as soon thereafter as practicable, but not before. *See* Fed. R. Crim. P. 32.2(b)(4).

DATED this 9th day of February, 2024.

Presented by:

| | |
|---|---|
| MARGARET A. MOESER<br>Acting Chief<br>Money Laundering and Asset Recovery<br>Section, Criminal Division<br>U.S. Department of Justice | TESSA M. GORMAN<br>United States Attorney<br>Western District of Washington<br>U.S. Department of Justice |
| *s/ Kevin G. Mosley*<br>Kevin G. Mosley<br>Elizabeth R. Carr<br>Trial Attorneys | *s/ Michael Dion*<br>Michael Dion<br>Jonas Lerman<br>Karyn S. Johnson<br>Assistant United States Attorneys |

JENNIFER K. GELLIE
Acting Chief
Counterintelligence and Export Control
Section, National Security Division
U.S. Department of Justice

*s/ Alex Wharton*
Alex Wharton
Beau D. Barnes
Trial Attorneys

*s/ M. Kendall Day* *
STEPHANIE BROOKER
M. KENDALL DAY
POONAM KUMAR
JEFFREY COOPERSMITH
Counsel for Defendant
BINANCE HOLDINGS LIMITED

*permission to e-sign and e-file obtained via email on February 8, 2024*

Stipulated Motion for Order of Forfeiture
*United States v. Binance Holdings Limited,* CR23-178RAJ- 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970