```
                UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON AT SEATTLE
_____

                                   )
UNITED STATES OF AMERICA,          )
                                   ) CASE NO. CR23-178-RAJ
              Plaintiff,           )
                                   ) Seattle, Washington
v.                                 )
                                   ) February 23, 2024
BINANCE HOLDINGS LIMITED,          ) 11:04 a.m.
                                   )
              Defendant.           ) Sentencing
                                   )
                                   )
_____

               VERBATIM REPORT OF PROCEEDINGS
          BEFORE THE HONORABLE RICHARD A. JONES
               UNITED STATES DISTRICT JUDGE
_____
```

**APPEARANCES:**

For the Plaintiff:      ELIZABETH CARR
                        KEVIN GERARD MOSLEY
                        U.S. Department of Justice
                        Criminal Division
                        1400 New York Avenue NW
                        Washington, DC 20530

                        MICHAEL DION
                        JONAS BLOMBERG LERMAN
                        U.S. Attorney's Office
                        700 Stewart Street, Suite 5220
                        Seattle, WA 98101-1271

For the Defendant:      JEFFREY B. COOPERSMITH
                        Corr Cronin LLP
                        1015 Second Avenue, 10th Floor
                        Seattle, WA 98104

                        MICHAEL KENDALL DAY
                        STEPHANIE L. BROOKER
                        Gibson Dunn & Crutcher
                        1050 Connecticut Avenue NW
                        Washington, DC 20036-5303

Proceedings recorded by mechanical stenography; transcript produced with aid of computer.

**(Cont'd:)**

| | |
|---|---|
| For the Defendant: | POONAM G. KUMAR<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197 |
| General Counsel<br>(Binance): | ELEANOR HUGHES |
| Deputy General<br>Counsel (Binance): | JOSHUA EATON |
| Reported by: | MARCI E.C. CHATELAIN, CCR, RMR, CRR<br>Federal Court Reporter<br>700 Stewart Street, Suite 17205<br>Seattle, WA 98101<br>marci_chatelain@wawd.uscourts.gov |

Proceedings recorded by mechanical stenography; transcript produced with aid of computer.

PROCEEDINGS

---

THE CLERK:  Please rise.

The United States District Court for the Western District of Washington is now in session, the Honorable Richard A. Jones presiding.

THE COURT:  Good morning.  Please be seated.

THE CLERK:  We are here for sentencing in the matter of the United States versus Binance Holdings Limited, d/b/a Binance.com, cause number CR23-178, assigned to this Court.

If counsel could please rise and make your appearances for the record.

MR. DION:  Michael Dion for the United States.  Good morning, Your Honor.

THE COURT:  Good morning.

MR. MOSLEY:  Kevin Mosley for the United States.  Good morning, Your Honor.

THE COURT:  Good morning.

MS. CARR:  Elizabeth Carr for the United States.  Good morning, Your Honor.

THE COURT:  Good morning.

MR. LERMAN:  And Jonas Lerman for the United States.  Good morning.

THE COURT:  Good morning.

Who will be speaking on behalf of the government?

|   |   |
|---|---|
| 1 | MR. MOSLEY:  Primarily, I will, Your Honor. |
| 2 | THE COURT:  All right.  Thank you, Counsel. |
| 3 | MS. BROOKER:  Good morning, Your Honor.  Stephanie Brooker for Binance Holdings Limited of Gibson Dunn.  And I'm joined at counsel table by colleagues from Gibson Dunn, Kendall Day -- |
| 7 | MR. DAY:  Good morning, Your Honor. |
| 8 | THE COURT:  Good morning. |
| 9 | MS. BROOKER:  -- and Poonam Kumar. |
| 10 | MS. KUMAR:  Good morning, Your Honor. |
| 11 | THE COURT:  Good morning. |
| 12 | MS. BROOKER:  And Jeff Coopersmith, our local counsel from Corr Cronin. |
| 14 | MR. COOPERSMITH:  Good morning, Your Honor. |
| 15 | THE COURT:  Good morning. |
| 16 | MS. BROOKER:  Your Honor, we're also joined at counsel table by Eleanor Hughes, who is the general counsel of Binance. |
| 18 | MS. HUGHES:  Good morning, Your Honor. |
| 19 | THE COURT:  Good morning. |
| 20 | MS. BROOKER:  And also, Your Honor, Josh Eaton, who is the deputy general counsel of Binance, and the authorized corporate representative for these proceedings. |
| 23 | MR. EATON:  Good morning, Your Honor. |
| 24 | THE COURT:  Good morning, sir. |
| 25 | Thank you. |

|    |    |    |
|----|----|----|
|          | 1  | We'll begin these proceedings with the Court, first of all, |
|          | 2  | identifying all the documents that I've received and reviewed. |
|          | 3  | These documents include the following: |
|          | 4  | The notice of the parties in advance of sentencing, dated |
| 11:05:51 | 5  | December 11, 2023; the stipulated motion and order of forfeiture |
|          | 6  | dated February 9, 2024; the government's sentencing memorandum; |
|          | 7  | the defendant's sentencing memorandum; and the Plea Agreement |
|          | 8  | dated November 21, 2023. |
|          | 9  | Counsel for the government, are you aware of any additional |
| 11:06:11 | 10 | documents that I did not state for the record? |
|          | 11 | MR. MOSLEY: No, Your Honor. |
|          | 12 | THE COURT: Counsel for the defense, are you aware of |
|          | 13 | any additional documents? |
|          | 14 | MS. BROOKER: No, Your Honor. |
| 11:06:20 | 15 | THE COURT: All right. Thank you. |
|          | 16 | I trust that the parties are aware that the Court's |
|          | 17 | understanding is there's no presentence report that was prepared |
|          | 18 | for this portion of the case. |
|          | 19 | With that, the Court will engage in its analysis of the |
| 11:06:33 | 20 | guideline calculations. |
|          | 21 | The Court is using sentencing guidelines and 18 U.S.C. |
|          | 22 | Section 3571(d) for these calculations. As outlined in the Plea |
|          | 23 | Agreement, paragraph 13 specifically, the parties agree based on |
|          | 24 | the application of the guidelines that the following provisions |
| 11:06:54 | 25 | with respect to sentence of a fine apply to this case. |

|  |  |
|---|---|
| 1 | So we begin first with a base fine of $1,612,031,763 under |
| 2 | United States Sentencing Guideline 8C2.4(a)(2), the pecuniary |
| 3 | gain from the defendant to the defendant for the offense. |
| 4 | Next, a culpability score of seven points is based on |
| 11:07:22   5 | guideline 8C2.5, calculated as follows:  The base culpability of |
| 6 | five points pursuant to guideline 8C2.5(a). |
| 7 | Next, a four-point addition because the organization had |
| 8 | more than 1,000 employees, and an individual with high-level |
| 9 | personnel participated in, condoned, or was willfully ignorant |
| 11:07:50  10 | of the offense pursuant to guideline Section 8C2.5(b)(2)(A)(i); |
| 11 | a two-point reduction for cooperation and acceptance of |
| 12 | responsibility. |
| 13 | There's also calculation of fine range pursuant to |
| 14 | guideline Section 8C2.6; therefore, a base fine of |
| 11:08:12  15 | $1,612,031,763.  The multiplier of 1.4, the minimum, 2.8 |
| 16 | maximum, the fine range being $2,256,844,468 to $4,503,688,936. |
| 17 | Pursuant to the Plea Agreement, specifically paragraph 14, |
| 18 | the parties agree that a fine at the bottom of the applicable |
| 19 | sentencing guideline range, with the 20 percent discount to |
| 11:08:52  20 | reflect the defendant's partial cooperation and remediation, is |
| 21 | appropriate. |
| 22 | Counsel for the government, how do you wish to respond to |
| 23 | the Court's calculations? |
| 24 | MR. MOSLEY:  I think that is accurate, Your Honor. |
| 11:09:07  25 | I think the fine range is -- was $2,256,844,468 to |

|   |   |   |
|---|---|---|
| | 1 | four-billion-five-hundred-and-thirteen-thousand -- |
| | 2 | THE COURT:  513 million. |
| | 3 | MR. MOSLEY:  513,688,936. |
| | 4 | THE COURT:  Okay.  I believe that's what the Court |
| 11:09:27 | 5 | stated on the record. |
| | 6 | MR. MOSLEY:  I might have misheard, Your Honor.  I |
| | 7 | thought it was -- you said 503, so that's my fault.  I thought I |
| | 8 | might have misheard that. |
| | 9 | THE COURT:  Okay. |
| 11:09:37 | 10 | MR. MOSLEY:  But other than that, the government -- |
| | 11 | the United States agrees with the calculations made by the |
| | 12 | Court. |
| | 13 | THE COURT:  Counsel for defense? |
| | 14 | MR. DAY:  We agree with the Court's calculation, Your |
| 11:09:45 | 15 | Honor. |
| | 16 | THE COURT:  All right.  Thank you. |
| | 17 | The Court will proceed in the following manner.  First I'll |
| | 18 | hear from counsel for the government, then I'll hear from |
| | 19 | counsel for the defendant.  And the Court will give the |
| 11:09:53 | 20 | opportunity for the corporate representatives, if they wish to |
| | 21 | address the Court.  Then the Court will make its determination. |
| | 22 | Counsel for the government, I'll hear from you first. |
| | 23 | MR. MOSLEY:  Thank you, Your Honor. |
| | 24 | THE COURT:  Good morning, sir. |
| 11:10:33 | 25 | MR. MOSLEY:  Good morning, Your Honor. |

|  |  |
|---|---|
| 11:10:48 | 1  Your Honor is aware of the numerous and voluminous
2  documents filed in this case.  The resolution that the parties
3  have agreed upon here is the result of a very long and extensive
4  investigation, extensive fact finding that is contained within a
5  very detailed recitation and statement of facts to which both
6  the government and the defendant have agreed. |
|  | 7  The sentence that has been agreed upon by the parties
8  reflects that investigation, the intensive fact finding that has
9  resulted from that, and the detailed statement of facts.  The |
| 11:11:09 | 10  sentence that the parties have agreed on -- I mean, has also
11  contained allowances for and consideration of the defendant's
12  remediation and cooperation in this case, and also reflects the
13  nature and seriousness of the offense. |
|  | 14  And based on all that and the papers that have already been |
| 11:11:30 | 15  filed by the government and the defense, we believe that the
16  agreed-upon sentence of the combined financial penalty of more
17  than $4.3 billion and the other obligations imposed under the
18  Plea Agreement, which includes numerous undertakings and
19  agreements to cooperate and remediate with -- cooperate with law |
| 11:11:48 | 20  enforcement and remediate their program, is sufficient but not
21  greater than necessary to achieve the goals of sentencing as set
22  forth in 18 U.S.C. 3553(a), and as a result, the United States
23  believes that the Court should impose the agreed-upon sentence
24  upon Binance. |
| 11:12:03 | 25  THE COURT:  And to your knowledge, Counsel, since the |

1  agreement was reached, have you seen the actual undertaking of
2  the remediation representations that were made by counsel in the
3  settlement?
4  MR. MOSLEY:  Your Honor, we believe that the company
5  has been engaging in remediation and cooperation as set forth in
6  the Plea Agreement between the parties.
7  THE COURT:  All right.  Anything further, Counsel?
8  MR. MOSLEY:  Nothing from us, Your Honor.
9  THE COURT:  All right.  Thank you.
10  You indicated, Counsel, you're representing -- at least to
11  represent the government for a portion of the argument.  Is
12  there someone else who wishes to speak on behalf of the
13  government, or does that complete the argument made on behalf of
14  the recommendation?
15  MR. MOSLEY:  With respect to our recommendation, that
16  is complete, Your Honor; however, should the Court have any
17  other questions to ask us, we are obviously here to answer
18  those.  And potentially, Ms. Carr might rise to answer some of
19  those questions, depending on what they are.
20  THE COURT:  Okay.  Thank you, Counsel.
21  I have no additional questions of counsel for the
22  government.
23  I'll hear from counsel for the defense.
24  MR. DAY:  Thank you, Your Honor.
25  Like the government, I think we can largely rest on the

|   |   |
|---|---|
| | 1   papers.  We believe that the sentence here is fair and |
| | 2   appropriate, and we would ask the Court to accept the Plea |
| | 3   Agreement. |
| | 4           In particular, we would commend to the Court's attention |
| 11:13:22 | 5   the substantial compliance enhancements that are recognized in |
| | 6   the Plea Agreement, starting at paragraph 8; compliance |
| | 7   enhancements that began in 2019.  And as you and counsel for the |
| | 8   government just discussed, compliance enhancements that |
| | 9   continue, and commitments that continue, through today. |
| 11:13:40 | 10          So based on all of those things contained within the |
| | 11  voluminous record, we do think this sentence is appropriate and |
| | 12  we would ask the Court to impose it. |
| | 13              THE COURT:  And, Counsel, you are aware that there are |
| | 14  conditions of supervision that the Court has -- will exercise. |
| 11:13:56 | 15  Have you reviewed those with the representatives for your |
| | 16  client? |
| | 17              MR. DAY:  So we have tendered together with the |
| | 18  government a proposed Judgment in this case.  There are |
| | 19  conditions contained within the Plea Agreement.  The Judgment in |
| 11:14:10 | 20  this case, though, Your Honor, I do not believe contains |
| | 21  additional conditions beyond what is contained in the Plea |
| | 22  Agreement. |
| | 23              THE COURT:  And have you reviewed those conditions |
| | 24  with your client? |
| 11:14:19 | 25              MR. DAY:  Yes, the ones contained in the Plea |

|  |  |
|---|---|
| 1 | Agreement, we have. |
| 2 | THE COURT: And was there any objection? |
| 3 | MR. DAY: No, sir. |
| 4 | THE COURT: And did they have the opportunity to |
| 5 | review the full extent of those conditions? |
| 6 | MR. DAY: Yes, they did, Your Honor. |
| 7 | THE COURT: Any reservation whatsoever, any indication |
| 8 | they did not understand any component of what they had |
| 9 | represented? |
| 10 | MR. DAY: No, Your Honor. |
| 11 | THE COURT: All right. Anything further, then, |
| 12 | Counsel? |
| 13 | MR. DAY: No, Your Honor. |
| 14 | THE COURT: All right. And the corporate |
| 15 | representative, do you wish to address the Court, sir? |
| 16 | MR. EATON: Yes, Your Honor. Thank you. |
| 17 | THE COURT: All right. Please step to the lectern. |
| 18 | MR. EATON: Thank you, Your Honor. |
| 19 | THE COURT: Good morning, again, sir. |
| 20 | MR. EATON: Good morning, again, Your Honor. |
| 21 | Sir, Binance -- Your Honor, Binance accepts full |
| 22 | responsibility for its past and for the reasons why it is |
| 23 | sitting here today. |
| 24 | We're also proud of the substantial compliance enhancements |
| 25 | that we have undertaken over the past few years under the |

|  |  |
|---|---|
| | 1  leadership and direction of our former CEO. |
| | 2      We wish to thank the government for recognizing many of |
| | 3  those enhancements in its papers filed with this Court.  And we |
| | 4  also wish to thank you, Your Honor, and your courtroom deputy |
| 11:15:29 | 5  and your courtroom staff for the time you have taken to address |
| | 6  this matter. |
| | 7      And if you have any questions for me, I am here to answer |
| | 8  them. |
| | 9          THE COURT:  I have no additional, specific questions, |
| 11:15:38 | 10 sir. |
| | 11         MR. EATON:  Thank you, your Honor. |
| | 12         THE COURT:  Thank you. |
| | 13     Anything further from the defense at this time? |
| | 14         MR. DAY:  No, Your Honor. |
| 11:15:44 | 15         THE COURT:  All right.  With that, the Court will -- |
| | 16 first, I'm required to make an appropriate guideline range |
| | 17 calculation, and I've undertaken that.  And I'm also looking at |
| | 18 any traditional departures or variances that might be applicable |
| | 19 in view of the facts and circumstances, and I've done that as |
| 11:16:06 | 20 well. |
| | 21     In fashioning the sentence I will impose, I have the |
| | 22 responsibility of looking at and considering all of the Section |
| | 23 3553(a) factors.  And I will go through those factors that serve |
| | 24 as a basis for the ultimate sentence that I will impose. |
| 11:16:17 | 25     So I begin, first, with the history and characteristics of |

1  the defendant.
2       The defendant operated as a money transaction business and
3  a money services business doing business wholly or in
4  substantial part in the United States, servicing a substantial
5  number of U.S. customers in an effort to process billions of
6  dollars.
7       The Court looks at the nature and circumstances of the
8  offense.  And essentially, it is an offense involving failure to
9  comply with U.S. laws and regulations of the U.S. financial
10 system:  Specifically, the failure to implement
11 anti-money-laundering programs that protect the institution;
12 failure to regulate as an MSB; willful failure to implement
13 effective programs; and creating vulnerability in the United
14 States system.
15      Next, the Court needs to look at the offense as to whether
16 or not it's a seriousness -- as to the seriousness of the
17 offense.  The government characterizes this as "epic
18 proportions," and the Court has to agree, in terms of the
19 largesse and size of what has been undertaken.
20      Court finds that defendant Binance senior leaders,
21 including Defendant Zhao, knew that serving U.S. customers
22 required Binance to follow United States laws.
23      Despite this knowledge, the defendant made calculated
24 decisions not to follow the United States laws or comply with
25 United States regulations.  And it appears to this Court from

1  the pleadings that have been filed and submitted that this was
2  undertaken specifically for cost, to avoid payment, and to avoid
3  compliance with United States regulations.
4      Next, the Court needs to impose a sentence so that the
5  defendant has greater respect for the United States laws, as
6  evidenced by the pure disregard for compliance.
7      Aggravating is the fact that Binance hired a consultant and
8  ignored mitigation exposure and chose to violate law versus full
9  compliance with United States regulations and laws.
10     Next, the Court needs to impose a sentence that reflects
11 adequate deterrence to the criminal conduct.  The sentence the
12 Court will impose is imposed for two different reasons, specific
13 deterrence, so the defendant Binance understands that they
14 cannot continue to engage or in the future engage in this type
15 of conduct, and general deterrence so that any other like
16 organizations, wherever they may be located, must comply with
17 United States laws and regulations without variance.
18     Court also needs to impose a sentence to protect the public
19 from further crimes of the defendant, and also needs to impose a
20 sentence to avoid sentencing disparity.
21     Now, the Court's unaware of any specific disparity based
22 upon the agreement that's reached between the United States and
23 the defendant.
24     I note the government has outlined several circumstances
25 where other entities have engaged in similar or like conduct,

1  but I'm satisfied that the sentence that this Court will impose
2  will not be so disparate or disproportionate to any other entity
3  previously sentenced under similar circumstances.
4  　　　　For these reasons, the Court will first find that the
5  sentence is imposed due to the company's deliberate and
6  calculated effort to profit from the United States market
7  without complying with the United States laws.
8  　　　　Next, the Court recognizes that this really is a case where
9  the ethics of the company were compromised by greed and a desire
10 to avoid United States regulations when an opportunity was
11 clearly presented to them.  So this isn't a question of
12 ignorance or lack of knowledge, it was a question of volition
13 and choice.
14 　　　　There have been financial penalties that have been agreed
15 to between the parties, and the Court finds that there's no
16 reason to vary from the recommendations made to this Court.  And
17 I will abide by what has been presented to this Court.
18 　　　　So in that regard, the Court will follow the terms of
19 probation as recommended, the three years, it effects full
20 compliance.  I've already confirmed with the counsel that
21 they've conferred with the client, so the client is fully aware
22 of all the conditions.  They have no objections or questions and
23 fully understand the extent and scope.
24 　　　　The Court will also impose a mandatory special assessment
25 in the amount of $1,200, which is due.  And the Court will also

1   impose a criminal fine of $1,805,475,575, a forfeiture of
2   $2,510,650,588.  And I believe that's the extent of the
3   financial obligations and penalties.
4           Counsel, do you have a Judgment to present to the Court?
5               MR. LERMAN:  We do, Your Honor.
6               THE COURT:  And before that's being presented, I wish
7   to give the defendants their rights on appeal.
8           As your rights on appeal, it's my understanding that under
9   paragraph 39 of the Plea Agreement, you waived your rights on
10  appeal, and any rights you had on appeal are exactly as stated
11  in that document.
12          You may appeal the sentence if you wish to do so, and it's
13  very important that you tell your lawyers that's exactly what
14  you wish to do.  Your lawyers can explain to you any issues that
15  are appealable and any issues that might survive.
16          In addition, you also have the right to challenge your
17  lawyers' effectiveness, if you believe that that's appropriate.
18  That's a decision that you must make independent and with the
19  consultation of your individuals in the decision-making
20  capacity.
21          If you wish to appeal the sentence and you cannot afford
22  the filing fee for the Court of Appeals, you can ask me to waive
23  it.  I don't think that's a real issue with the nature of the
24  fine being imposed, but, nonetheless, the Court needs to advise
25  you that you do have the right to appeal without cost to you.

|  |  |
|---|---|
| 11:22:21 | 1  Any notice of appeal must be filed within 14 days of the |
|  | 2  entry of judgment, without variance or exception. |
|  | 3  As a representative for Binance, do you understand each of |
|  | 4  these conditions, sir? |
|  | 5  MR. EATON:  Yes, I do, Your Honor. |
|  | 6  THE COURT:  All right.  With that, Counsel may present |
|  | 7  the Judgment. |
|  | 8  MR. LERMAN:  Your Honor, we're just filling in on page |
|  | 9  2 of the Judgment the probation page.  We're writing three years |
| 11:22:36 | 10 from the date the monitor is selected.  The Court said three |
|  | 11 years when you were imposing sentence, but under the Plea |
|  | 12 Agreement, it's three years from the monitor's selection; is |
|  | 13 that -- |
|  | 14 THE COURT:  That's acceptable to the Court. |
| 11:22:58 | 15 MR. LERMAN:  All right.  I'll show this to defense |
|  | 16 counsel before handing it up, Your Honor. |
|  | 17 THE COURT:  All right.  Thank you. |
|  | 18 MR. DAY:  Thank you. |
|  | 19 MR. LERMAN:  Thank you. |
| 11:23:13 | 20 THE COURT:  And, Counsel, just so the record is clear, |
|  | 21 I received a document that is notice to the parties in advance |
|  | 22 of sentencing regarding the slight amendment to the Plea |
|  | 23 Agreement.  Does any further record need to be made by the |
|  | 24 Court, or adoption of what you presented to the Court? |
| 11:23:29 | 25 Counsel for the government? |

```
11:23:37
11:24:30
```

1  MR. LERMAN:  We don't think any further record needs
2  to be made, Your Honor.
3  THE COURT:  Counsel for defense?
4  MR. DAY:  No, Your Honor.
5  THE COURT:  All right.  I trust that there's no
6  additional counts or counts to be dismissed, is that correct,
7  counsel for the government?
8  MR. MOSLEY:  That is correct, Your Honor.
9  THE COURT:  I've reviewed the judgment, it does
10 reflect the Court's oral ruling, and I've signed it.
11     If there's nothing further before this Court, we are in
12 recess.
13 THE CLERK:  Please rise.
14         (Court recessed at 11:24 a.m.)
15              C E R T I F I C A T E
16 I certify that the foregoing is a correct transcript from
17 the record of proceedings in the above-entitled matter.
18              /s/ Marci E.C. Chatelain
19              Marci E.C. Chatelain, CCR, RPR, RMR, CRR
                Federal Court Reporter